

U.S. Department of Justice

United States Attorney
District of Connecticut

Connecticut Financial Center      (203)821-3700
157 Church Street                 Fax (203) 773-3376
New Haven, Connecticut  06510

April 2, 2013

Kelly Barrett, Esq.
Assistant Federal Defender
Office of the Federal Defender
10 Columbus Blvd., Floor 6
Hartford, CT 06106

    Re:    United States v. Kevin Wallin
             3:13 CR 11 (AVC)

Dear Ms. Barrett:

       This letter confirms the plea agreement between your client, Kevin Wallin (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

### THE PLEA AND OFFENSE

       The defendant agrees to plead guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, as alleged in Count One of the indictment. The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. A conspiracy to possess with intent to distribute a controlled substance, to wit, methamphetamine, existed;
2. The defendant knowingly and intentionally agreed to participate in and did participate in the conspiracy; and,
3. The conspiracy involved 500 grams or more of a mixture and substance containing methamphetamine, and this quantity was reasonably foreseeable to the defendant and was within the scope of his agreement.

## THE PENALTIES

The offense charged in Count One of the Indictment is a Class A felony, which carries a maximum penalty of life in prison, a mandatory minimum term of ten years in prison, and a $10 million fine. Any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. The defendant understands that, should the defendant violate any condition of the supervised release, the defendant may be required to serve a further term of imprisonment of up to five years with no credit for time already spent on supervised release. *See* 18 U.S.C. § 3583(e)(3) (revocation); 18 U.S.C. § 3559(a)(felony classifications).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $10 million for the offense charged in Count One of the Indictment.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court by the date of his sentencing.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's

recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation as follows: a quantity of 1,700 grams of methamphetamine was reasonably foreseeable to the defendant as a result of his participation in the conspiracy charged in Count One of the indictment and jointly undertaken activity and relevant conduct of the defendant. *See* U.S.S.G. § 1B1.3, app. note 1. The parties understand and agree that the defendant's offense level is based on information known to the Government from sources other than any debriefing of the defendant. The defendant expressly understands that this stipulation and agreement are not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

During the conspiracy alleged in Count One of the indictment, the defendant obtained bulk quantities of methamphetamine from Kristen Laschober and Chad McCluskey, on consignment, and with the understanding that he would pay for the bulk quantities of methamphetamine with proceeds generated by his redistribution of the methamphetamine. The defendant, in turn, distributed a portion of the methamphetamine he received from McCluskey and Laschober to other distributors, including Michael Nelson, on consignment, and with the understanding that Nelson

and the other distributors would pay the defendant for the methamphetamine he supplied to them on consignment with proceeds generated from their sales of methamphetamine. The defendant also distributed a portion of the methamphetamine he received from McCluskey and Lashober directly to methamphetamine users. The defendant entered into an agreement with Kenneth Devries, pursuant to which Devries agreed to distribute methamphetamine to the users and distributors whom Wallin regularly supplied with methamphetamine when Wallin was unavailable. Devries also agreed to receive packages from McCluskey and Laschober containing methamphetamine when Wallin was unable to do so.

### Guideline Stipulation

The parties further agree as follows: The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The defendant's base offense level under U.S.S.G. § 2D1.1(C) is 34. Two levels are added, pursuant to U.S.S.G. 3B1.1, based upon the defendant's role in the offense, bringing the defendant's adjusted offense level to 36. Assuming the defendant remains eligible for the three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility detailed above, the defendant's total offense level will be 33.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 33, assuming a Criminal History Category I, results in a range of 135 to 168 months of imprisonment (sentencing table), and a fine range of $20,000 to $10 million, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a minimum supervised release term of five years. U.S.S.G. § 5D1.2.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. §2255 and/or §2241, the

conviction or sentence imposed by the Court if that sentence does not exceed 135 months of imprisonment, a term of supervised release of life, and a fine of $10,000,000, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government and the defendant reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.
The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.
The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any superseding indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

6

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862. He will be ineligible for food stamp benefits and certain benefits under the Social Security Act pursuant to 21 U.S.C. § 862a, and he will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy which forms the basis of Count One of the indictment in this case. After sentencing, the Government will move to dismiss counts two through seven of the indictment, because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties. This letter shall be presented to the Court, in open

court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

_____
PATRICK F. CARUSO
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter or has had it read to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

_____         2 April 2013
KEVIN WALLIN                       Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____         4/2/13
KELLY BARRETT, ESQ.                Date
Attorney for the Defendant